UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

J W REILLY LLC,

                Plaintiff,

      v.

BALLY AMERICAS INC.,
BALLY INTERNATIONAL AG and
BALLY SCHUHFABRIKEN AG,

                Defendants.

Case No. 1:19-cv-11007 (NMG)

ECF Case

Jury Trial Demanded

## ANSWER AND COUNTERCLAIMS OF DEFENDANT BALLY AMERICAS INC.

Defendant and Counterclaimant BALLY AMERICAS INC., by and through its undersigned attorneys, answers the Complaint as follows:

1.      Defendant Bally Americas Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint and therefore denies them.

2.      Defendant Bally Americas Inc. admits that Bally Americas Inc. has never been inclined to enter into a partnership with J W Reilly LLC ("JW"). Defendant Bally Americas Inc. denies the allegations set forth in the remainder of paragraph 2 of the Complaint.

3.      Defendant Bally Americas Inc. admits that Bally Americas Inc. has been selling a variety of designer shoes. Defendant Bally Americas Inc. denies the allegations set forth in the remainder of paragraph 3 of the Complaint.

4.      Defendant Bally Americas Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint and therefore denies them.

5.     Defendant Bally Americas Inc. admits that Bally International AG is a company incorporated in Switzerland, with its headquarters located at Via Industria 1, 6987 Caslano, Switzerland. Also admits that Bally Americas, Inc. sells luxury goods under the Bally brand, generally, and in particular offered for sale and sold in the United States shoes having the model names "Heline," "Holga" and "Harmoni," in the past. Defendant Bally Americas Inc. denies the allegations set forth in the remainder of paragraph 5 of the Complaint.

6.     Defendant Bally Americas Inc. admits that Bally Schuhfabriken AG is incorporated in Switzerland and has its headquarters located at Via Industria 1, 6987 Caslano, Switzerland. Also admits that Bally Americas, Inc. sells luxury goods under the Bally brand, generally, and in particular offered for sale and sold in the United States shoes having the model names "Heline," "Holga" and "Harmoni," in the past. Defendant Bally Americas Inc. denies the allegations set forth in the remainder of paragraph 6 of the Complaint.

7.     Defendant Bally Americas Inc. admits that Bally Americas Inc. is incorporated in Delaware with a principal place of business at 750 Lexington Ave, 21st Floor, New York, NY 10022, that Bally Americas Inc. is registered with the Secretary of the Commonwealth to do business in the Commonwealth of Massachusetts, and that Bally Americas Inc. operates a retail store in Boston, Massachusetts. Also admits that Bally Americas, Inc. sells luxury goods under the Bally brand, generally, and in particular offered for sale and sold in the United States shoes having the model names "Heline," "Holga" and "Harmoni," in the past. Defendant Bally Americas Inc. denies the allegations set forth in the remainder of paragraph 7 of the Complaint.

8.     Defendant Bally Americas, Inc. admits that the Complaint purports to allege claims against it over which this court has subject matter jurisdiction under 28 U.S.C §§ 1331

and 1338(a). Except as expressly admitted, Defendant Bally Americas Inc. denies the remaining allegations of paragraph 8 of the Complaint.

9.      Defendant Bally Americas, Inc. will not challenge personal jurisdiction over it by this court of this action. Except as expressly admitted, Defendant Bally Americas Inc. denies the remaining allegations of paragraph 9 of the Complaint.

10.      The allegations contained in paragraph 10 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Bally Americas Inc. denies the allegations of this paragraph.

11.      Defendant Bally Americas Inc. will not contest the propriety of venue over it in this District. The remaining allegations contained in paragraph 11 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Bally denies the allegations of this paragraph.

12.      Defendant Bally Americas Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint and therefore denies them.

13.      Defendant Bally Americas Inc. admits that JW purports to have attached to its Complaint U.S. Design Patent No. D667,212. Defendant Bally Americas Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of paragraph 13 of the Complaint and therefore denies them.

14.      Defendant Bally Americas Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint and therefore denies them.

15.     Defendant Bally Americas Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint and therefore denies them.

16.     Defendant Bally Americas Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint and therefore denies them.

17.     Defendant Bally Americas Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint and therefore denies them.

18.     Defendant Bally Americas Inc. denies the allegations set forth in paragraph 18 of the Complaint.

19.     Defendant Bally Americas Inc. admits that on November 4, 2013, Judith Reilly sent an email to Jeremy McCulla, a former salesperson at a Bally Americas Inc. retail store, which JW purports to have attached to its Complaint as Exhibit 2. The Exhibit speaks for itself. Defendant Bally Americas Inc. denies the allegations set forth in the remainder of paragraph 19 of the Complaint.

20.     Defendant Bally Americas Inc. denies the allegations set forth in paragraph 20 of the Complaint.

21.     Defendant Bally Americas Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint and therefore denies them.

22.     Defendant Bally Americas Inc. admits that Bally Americas Inc. sold shoes under the model names "Heline," "Holga" and "Harmoni" and that "Heline" shoes were also sold via

outlet. Defendant Bally Americas Inc. denies the allegations set forth in the remainder of paragraph 22 of the Complaint.

23.     Defendant Bally Americas Inc. denies the allegations set forth in paragraph 23 of the Complaint.

24.     Defendant Bally Americas Inc. denies the allegations set forth in paragraph 24 of the Complaint.

25.     Defendant Bally Americas Inc. admits that on or about October 3, 2017, Caroline Gaul sent a letter to Bally Schuhfabriken AG, which JW purports to have attached to its Complaint as Exhibit 3. The Exhibit speaks for itself. Defendant Bally Americas Inc. denies the allegations set forth in the remainder of paragraph 25 of the Complaint.

26.     Defendant Bally Americas Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint and therefore denies them.

## IN RESPONSE TO COUNT I

27.     In response to paragraph 27 of the Complaint, Bally Americas Inc. repeats and realleges its responses in all preceding paragraphs as if fully set forth herein.

28.     The allegations contained in paragraph 28 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Bally denies the allegations in this paragraph.

29.     Defendant Bally Americas Inc. denies the allegations set forth in paragraph 29 of the Complaint.

30.     Defendant Bally Americas Inc. denies the allegations set forth in paragraph 30 of the Complaint.

31.     Defendant Bally Americas Inc. denies the allegations set forth in paragraph 31 of the Complaint.

32.     Defendant Bally Americas Inc. denies the allegations set forth in paragraph 32 of the Complaint.

## AFFIRMATIVE DEFENSES

33.     By alleging the Affirmative Defenses below Defendant Bally Americas Inc. does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part. For its Affirmative Defenses to the Complaint, Defendant Bally Americas Inc. alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

34.     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

35.     Defendant Bally Americas Inc. has not infringed, and currently does not infringe, U.S. Design Patent No. D667,212 (the "'212 Patent") directly, indirectly, contributorily, by inducement, under the doctrine of equivalence, or in any other manner.

## THIRD AFFIRMATIVE DEFENSE

36.     The claims of the '212 Patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation § 171.

## FOURTH AFFIRMATIVE DEFENSE

37.     The claims made in the Complaint and the relief sought therein are barred, in whole or in part, on the basis that the '212 Patent is functional.

## FIFTH AFFIRMATIVE DEFENSE

38.     The Complaint, in whole or in part, is barred, precluded and/or limited by the doctrines of waiver, acquiescence, and estoppel.

## SIXTH AFFIRMATIVE DEFENSE

39.     The '212 Patent is unenforceable against Bally Americas Inc., in whole or in part, under the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

40.     The claims made in the Complaint are barred, in whole or in part, because of JW's failure to mitigate damages, if such damages exist.

## EIGHTH AFFIRMATIVE DEFENSE

41.     The alleged injury or damage suffered by JW, if any, would be adequately compensated by damages. Accordingly, JW has a complete and adequate remedy at law and is not entitled to seek equitable relief, including but not limited to JW's request for injunctive relief.

## NINTH AFFIRMATIVE DEFENSE

42.     JW's claims for enhanced damages and an award of fees and costs against Bally Americas Inc. have no basis in fact or law and should be denied.

## TENTH AFFIRMATIVE DEFENSE

43.     JW's claims against Bally Americas Inc. are barred because JW's damages, if any, were not caused by Bally Americas Inc.

## ELEVENTH AFFIRMATIVE DEFENSE

44.     Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Bally Americas Inc. in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## TWELFTH AFFIRMATIVE DEFENSE

45.     JW's claims for injunctive relief are barred because JW cannot show that it will suffer any irreparable harm from Bally Americas Inc.'s actions.

## ADDITIONAL DEFENSES

46.     Defendant Bally Americas Inc. reserves the right to assert additional defenses based on information learned or obtained during discovery.

## COUNTERCLAIMS

1.     Counterclaimant Bally Americas, Inc., by and through its undersigned counsel, seeks declaration that U.S. Design Patent No. D667,212 (the "'212 Patent) is invalid and has not been infringed by Bally Americas Inc.

## NATURE OF THE ACTION

2.     This is an action for declaratory judgment of invalidity and non-infringement of a patent JW purports to own.

## THE PARTIES

3.     Bally Americas Inc. is a corporation with a principal place of business at 750 Lexington Ave, 21st Floor, New York, NY 10022.

4.     Upon information and belief, JW is a limited liability company with a principal place of business at 20 Park Plaza, Suite 400, Boston, Massachusetts 02116.

## JURISDICTIONAL STATEMENT

5.      Bally Americas Inc.'s counterclaims for declaratory relief arise under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* and the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

6.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201(a) and 2202.

7.      This Court has personal jurisdiction over JW for at least the following reasons:  (i) JW maintains its principal place of business in this District; (ii) JW has designated an agent for service of process in the state of Massachusetts; (iii) JW regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in this District and in this state; and (iv) JW has initiated litigation in this judicial District in connection with this dispute.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)-(c).

9.      An immediate, real, and justiciable controversy exists between Bally Americas Inc. and JW as to whether the '212 Patent is invalid and has not been infringed.

## FACTUAL BACKGROUND

10.      As part of a group established in 1851, Bally Americas Inc. continually strives to provide exquisite footwear from the finest leather, using the most innovative craftmanship, offering creations with a strong sense of functionality and modernity.

11.      Bally Americas Inc. invests heavily to advertise its products. Between 2014 and 2018, Bally Americas Inc. spent over $16.5 million to market its shoes in the United States.

## JW'S ALLEGED CLAIMS AGAINST BALLY

12.      JW claims to own the '212 Patent, which purports to cover a shoe buckle.

13.     JW has accused Bally Americas Inc. of infringing the '212 Patent through Bally
Americas Inc.'s alleged making, using, selling and/or offering to sell in the United States, and/or
importing into the United States of shoes sold under the names "Heline," "Holga," and
"Harmoni." (the "Accused Products").

14.     The design claimed in the '212 Patent is anticipated by and/or obvious in light of
prior art existing when the application for the '212 Patent was filed. Examples of such prior art
are U.S. Design Patent No. 60,850 (filed July 11, 1921), U.S. Patent No. 1,620,216 (filed May
25, 1926), U.S. Patent No. 1,738,605 (filed Mar. 26, 1929), U.S. Design Patent No. 117,111
(filed July 25, 1938), and shoe clips sold in the 1960's. Copies of these examples are attached
hereto as Exhibits A-E.

15.     The designs of the Accused Products are plainly dissimilar from the design
claimed in the '212 Patent, as shown below in exemplary views of the Accused Products:



| '212 Patent | Accused Products |
|---|---|
| FIG. 6 | **Harmoni**<br>HARMONI 400 |
| FIG. 6 | **Heline**<br>HELINE 400 |
| FIG. 6 | **Holga**<br>HOLGA 516 |

| '212 Patent | Accused Products |
|---|---|
|  | |

16.

## FIRST CLAIM FOR RELIEF

17.     Counterclaimant Bally Americas Inc. restates and incorporates by reference each of the preceding paragraphs of these Counterclaims as though fully set forth herein.

18.     Bally Americas Inc. does not infringe and has not infringed the '212 Patent, through the making, using, selling and/or offering to sell in the United States, and/or importing into the United States of the Accused Products.

## SECOND CLAIM FOR RELIEF

19.     Counterclaimant Bally Americas Inc. restates and incorporates by reference each of the preceding paragraphs of these Counterclaims as though fully set forth herein.

20.     JW contends that the '212 Patent is valid and has created a substantial, immediate and real controversy between the parties as to the invalidity of this patent.

21.     Each and every claim of the '212 Patent are invalid for failing to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation, Section 171, and JW is entitled to no relief for any claim relating to their alleged validity.

## REQUEST FOR RELIEF

WHEREFORE, Defendant and Counterclaimant Bally Americas Inc. respectfully requests entry of judgment as follows:

a)     That the Court dismiss with prejudice any and all claims of JW's Complaint and order that JW take nothing as a result of the Complaint and that all of JW's prayers for relief are denied;

b)     That the Court finds and declares, and enters judgment, in favor of Bally and against JW that Bally has not infringed the '212 Patent;

13

c)      That the Court finds and declares, and enters judgment, in favor of Bally and

against JW that the patent in suit is invalid;

d)      That the Court award Bally all costs and attorneys' fees;

e)      That JW be ordered to pay all costs associated with this action; and

f)      That the Court grant Bally such other and further relief as the Court deems just

and proper.

## DEMAND FOR JURY TRIAL

Bally Americas Inc. hereby demands a jury trial on all issues.

Dated: July 29, 2019
       New York, New York

Respectfully submitted,

**SCHMIDT LLC**

By:     s/Thorsten Schmidt
        Thorsten Schmidt (TS0016)
        Michael Dallal (MD1893)
        708 Third Avenue, 6th Floor
        New York, NY 10017
        Telephone:     (212) 809-1444
        Facsimile:     (212) 209-7100
        tschmidt@schmidt-llc.com
        mdallal@schmidt-llc.com

        Peter C. Netburn, BBO No. 546935
        pnetburn@hermesnetburn.com
        HERMES, NETBURN, O'CONNOR
            & SPEARING, P.C.
        265 Franklin Street, Seventh Floor
        Boston, MA  02110-3113
        (617) 728-0050
        (617) 728-0052 (Fax)

        *Attorneys for Defendant and Counterclaimant*
        *Bally Americas Inc.*

14

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on July 29, 2019.


                    */s/ Peter C. Netburn*
                   Peter C. Netburn