UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J W REILLY LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>BALLY AMERICAS INC.,<br>BALLY INTERNATIONAL AG and<br>BALLY SCHUHFABRIKEN AG,<br><br>      Defendants. | Case No. 1:19-cv-11007 (NMG) |

**MEMORANDUM OF LAW IN SUPPORT OF
BALLY INTERNATIONAL AG AND BALLY
<u>SCHUHFABRIKEN AG'S MOTION TO DISMISS</u>**

{H0116127.2}

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT .............................................................................................................................. 3

    I.    EXERCISING PERSONAL JURISDICTION OVER BALLY INTERNATIONAL AG WOULD NOT COMPORT WITH DUE PROCESS ............................................................ 3

        a.    Legal Standards Governing Personal Jurisdiction ................................... 3

        b.    Bally International AG Cannot Be Subjected to the Jurisdiction of Massachusetts Courts ............................................ 4

        c.    The Exercise of Personal Jurisdiction Over Bally International AG Would Not Comport with Due Process ........................................... 5

    II.    NEITHER BALLY INTERNATIONAL AG NOR BALLY SCHUHFABRIKEN AG CAN BE LIABLE FOR INFRINGEMENT ................................................................ 6

CONCLUSION ........................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**CASES** **Page**

*Asahi Metal Ind. Co. v. Super. Ct. of Cal.*, 480 U.S. 102 (1987) …………………………….. 5, 6

*Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373 (Fed. Cir. 2015) ………………………... 4, 5

*Deepsouth Packing Co. v. Laitram Corp.*, 406 U.S. 518 (1972) …………………….….........7

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 831 F.3d 1369 (Fed. Cir. 2016) ………………………. 6-7

*Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945) …………………………………………………. 4, 5

*Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437 (2007) ……………………….…..……………7

*Polar Electro Oy v. Suunto Oy*, 829 F.3d 1343 (Fed. Cir. 2016) ………………………...…….  5

**STATUTES**

35 U.S.C. § 271 …………………………………………………………………….…..……….6

M.G.L. c. 223A, § 3 ……………………………………………………………...…………1, 4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 4 ………………………………………………………………………………. 3

U.S. Design Patent No. D667,212 (filed Jun. 3, 2011) ……………………………………….. 1

Defendants BALLY INTERNATIONAL AG ("Bally Holding") and BALLY SCHUHFABRIKEN AG ("Bally Switzerland") (collectively the "Swiss Defendants"), by and through their undersigned attorneys, respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

## PRELIMINARY STATEMENT

This is an action alleging the direct infringement of U.S. Design Patent No. D667,212 (the '212 Patent), which claims an ornamental design for a shoe buckle. *See* U.S. Design Patent No. D667,212 (filed Jun. 3, 2011). Plaintiff alleges in its Complaint that Bally Americas Inc. ("Bally Americas"), Bally Holdings, and Bally Switzerland "ha[ve] infringed [the '212 Patent] by making, using, selling and/or offering to sell in the United States, and/or importing into the United States" shoes sold under the names "Heline," "Holga," and "Harmoni" (collectively, the "Accused Products"). (Compl. ¶¶ 22, 28.) Plaintiff accuses all three disparate companies of performing the same allegedly infringing acts. Plaintiff also alleges that such alleged infringement has been "intentional, willful, and without regard to Plaintiff's rights." (Compl. ¶ 29.) The claims against Bally Holdings and Bally Switzerland should be dismissed on the following independent bases[1]:

First, Bally Holdings is not subject to personal jurisdiction in this district. Bally Holdings has not performed any acts required under M.G.L. c. 223A, § 3 to establish personal jurisdiction in this district, and Bally Holdings does not have sufficient contacts with Massachusetts or the United States for a suit in this district to comport with due process.

---

[1] Bally Americas Inc. has Answered the Complaint and is actively participating in this matter.

{H0116127.2}

Second, Plaintiff cannot state a claim that Bally Holdings or Bally Switzerland infringed Plaintiff's patent, as neither Swiss Defendant performs the requisite activities in the United States for either Swiss Defendant to infringe any U.S. patent.

## STATEMENT OF FACTS

The Swiss Defendants are both Swiss corporations with principal places of business in Switzerland. Neither Swiss Defendant transacts any business in Massachusetts. (Declaration of Raniero Addorisio De Feo in Support of Bally International AG and Bally Schuhfabriken AG's Motion to Dismiss ("De Feo Decl.") ¶ 1.)

Bally Holdings is a holding company that holds only ownership interests in other companies. Specifically, Bally Holdings holds controlling ownership of 15 direct subsidiaries. Other than holding ownership of its subsidiaries, Bally Holdings conducts no other business. Bally Holdings is not an operating company. Bally Holdings does not design, manufacture, distribute or sell goods. (*Id.* ¶ 2.)

Bally Switzerland designs and manufactures shoes and luxury goods, primarily in Switzerland and Italy. Bally Switzerland does not operate any offices, factories, or distribution or sales locations in the United States. (*Id.* ¶ 3.)

Contrary to the bald accusations of the Complaint, Bally Holdings does not, either "directly or through affiliates, subsidiaries or intermediaries," transact business in Massachusetts, contract to supply services or things in Massachusetts, perform an act or omission, in or outside of Massachusetts, causing tortious injury, or regularly do or solicit business, engage in any persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in Massachusetts. (*See Id.* ¶ 4; Compl. ¶ 9.) Neither Bally Americas nor Bally Switzerland acts as an agent for Bally Holdings. (De Feo Decl. ¶ 5.)

Contrary to the conclusory statement in the Complaint, the requirements of Federal Rule of Civil Procedure 4(k)(2) are not met as against Bally Holdings. (*See* Compl. ¶ 10.) Bally Holdings does not purposefully direct activities at residents of this forum or of the United States. (De Feo Decl. ¶ 6.) As such, Bally Holdings does not maintain even *de minimis* contact with this district or with the United States. Further, Bally Holdings has no offices, records or files, nor any witnesses in Massachusetts to provide evidence about Bally Holdings's actual business. (*Id.* ¶ 7.)

Contrary to the conclusory statement in the Complaint, neither Swiss Defendant makes, uses, sells, or offers to sell products in the United States. (*See id.* ¶ 8; Compl. ¶ 28.) Bally Holdings is a holding company that holds only ownership interests in other companies, and Bally Switzerland does not operate any offices, factories, or distribution or sales locations in the United States. (De Feo Decl. ¶¶ 2-3.)

## ARGUMENT

### I. EXERCISING PERSONAL JURISDICTION OVER BALLY INTERNATIONAL AG WOULD NOT COMPORT WITH DUE PROCESS

#### a. Legal Standards Governing Personal Jurisdiction

Bally Holdings has not consented to jurisdiction in this state, nor does it have a presence here. The extent to which the Court may exercise personal jurisdiction over Bally Holdings thus depends upon the outcome of a two-prong inquiry. The first prong inquires whether Bally Holdings is amenable to process in the forum state. A defendant is amenable to service of process if it "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." *See* Fed. R. Civ. P. 4(k)(1)(A).

The second prong is whether the Court's exercise of personal jurisdiction over Bally Holdings would comply with the precepts of federal due process. In *International Shoe*, the Supreme Court held that a court may not exercise jurisdiction over an out-of-state defendant

unless the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (citation omitted). "[I]t is essential that the defendant take actions purposefully availing him or her of the privileges and benefits of the forum state." *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1380 (Fed. Cir. 2015) (emphasis removed) (citations omitted). A defendant should be able to reasonably foresee litigation in the forum state. *Id.*

      **b.**     **Bally International AG Cannot Be Subjected to the Jurisdiction of Massachusetts Courts**

Under the Massachusetts "long arm" statute, a Massachusetts court may exercise personal jurisdiction over an entity as to a cause of action arising from the following acts, *inter alia*, conducted directly or by an agent: (a) transacting any business in Massachusetts, (b) contracting to supply services or things in Massachusetts, (c) causing tortious injury by an act or omission in Massachusetts, and (d) causing tortious injury in Massachusetts by an act or omission outside the commonwealth if the entity (i) regularly does or solicits business, (ii) engages in any other persistent course of conduct, or (iii) derives substantial revenue from goods used or consumed or services rendered, in Massachusetts. M.G.L. c. 223A, §3(a)-(d).[2]

The facts above show that Bally Holdings does not perform any acts required for a Massachusetts court to exercise personal jurisdiction over it. Bally Holdings does not transact business in Massachusetts or contract to supply services or things in Massachusetts. (*See* De Feo Decl. ¶ 4.) Ownership of subsidiary companies cannot cause tortious injury, and Bally Holdings does not do or solicit business, engage in any persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered, in Massachusetts. Because

---

[2] Plaintiff asserted only the elements of subsections (a) through (d) of the statute in its Complaint. (*See* Compl. ¶ 9.)

Massachusetts courts cannot exercise personal jurisdiction over Bally Holdings, the action must be dismissed as to Bally Holdings.

      **c.    The Exercise of Personal Jurisdiction Over Bally International AG Would Not Comport with Due Process**

Due process requires that the defendant have sufficient "minimum contacts with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Celgard,* 792 F.3d at 1377 (quoting *Int'l Shoe*, 326 U.S. at 316). To determine whether the due process requirement is met for specific personal jurisdiction, the Federal Circuit considers (1) whether a defendant purposefully directed its activities at residents of the forum state, (2) whether the claim arises out of or relates to the defendant's activities with the forum state, and (3) whether assertion of personal jurisdiction is reasonable and fair. *Id.* (citation omitted). The first two prongs correspond to the "minimum contacts" prong of the *International Shoe* analysis, and the third prong corresponds to the "fair play and substantial justice" prong of the analysis. *Polar Electro Oy v. Suunto Oy*, 829 F.3d 1343, 1348 (Fed. Cir. 2016). To determine whether the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice," a court must consider (a) the burden on the defendant, (b) the interests of the forum State, (c) the plaintiff's interest in obtaining relief, (d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (e) the shared interest of the several States in furthering fundamental substantive social processes. *Asahi Metal Ind. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 113 (1987).

As a holding company, Bally Holdings has plainly never directed its activities at the residents of Massachusetts or the United States. In addition, the burden on Bally Holdings on defending itself in another continent would be high. Bally Holdings has no offices, records or files, nor any witnesses in Massachusetts to provide evidence about Bally Holdings's actual

business. (*See* De Feo Decl. ¶ 7.) As the Supreme Court has observed, "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi*, 480 U.S. at 114. This factor weighs heavily against the exercise of jurisdiction.

Additionally, the interests of the forum state, Plaintiff, the interstate judicial system, and the several States are all met because Bally Americas will remain as a defendant in this matter. Bally Americas is in the best position to provide all evidence necessary to thoroughly and efficiently assess this matter. Considering the heavy burden upon the alien, non-operating defendant, and the fact that the competing interests will all be met, the exercise of personal jurisdiction by this Court over Bally Holdings in this instance would be unreasonable and unfair.

## II.  NEITHER BALLY INTERNATIONAL AG NOR BALLY SCHUHFABRIKEN AG CAN BE LIABLE FOR INFRINGEMENT

Plaintiff accuses Bally Americas, Bally Holdings, and Bally Switzerland, three separate, disparate companies, of all performing the same allegedly infringing acts: "making, using, selling and/or offering to sell in the United States, and/or importing into the United States one or more of the Accused Products." (*See* Compl. ¶ 28.) The facts show that neither Bally Holdings nor Bally Switzerland could have taken steps in the United States that give rise to infringement liability under the patent statute.

Section 271(a) of Title 35 of the United States Code defines infringement as the making, use, sale, or offer to sell of a patented invention "within the United States," as well as its importation "into the United States." 35 U.S.C. § 271(a). The patent laws "do not, and were not intended to, operate beyond the limits of the United States." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 831 F.3d 1369, 1379 (Fed. Cir. 2016) (quoting *Deepsouth Packing Co. v. Laitram Corp.*,

406 U.S. 518, 531 (1972)). The Federal Circuit has noted that "[t]he presumption that United States law governs domestically but does not rule the world applies with particular force in patent law." *Id.* at 1378 (quoting *Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 454-55 (2007)).

Nonetheless, neither Bally Holdings nor Bally Switzerland makes, uses, imports, sells, or offers to sell the Accused Products in the United States. Bally Holdings is a holding company that holds only ownership interests in other companies, and Bally Switzerland does not operate any offices, factories, or distribution or sales locations in the United States. (*See* De Feo Decl. ¶¶ 2-3, 8.) Thus it is impossible for Bally Holdings or Bally Switzerland to have infringed the '212 Patent. Accordingly, the Complaint against Bally Holdings and Bally Switzerland should be dismissed on this ground.

## CONCLUSION

For the foregoing reasons, Bally International AG and Bally Schuhfabriken AG respectfully request that this court:

(1)   Dismiss the Complaint as against them; and

(2)   Award Bally International AG and Bally Schuhfabriken AG such other relief that the Court believes to be reasonable and just.

Dated: August 20, 2019

                    Respectfully submitted,

                    **HERMES, NETBURN, O'CONNOR & SPEARING, P.C.**

By:   */s/ Peter C. Netburn*
        Thorsten Schmidt (TS0016)
        Michael Dallal (MD1893)
        708 Third Avenue, 6th Floor
        New York, NY 10017
        Telephone:    (212) 809-1444
        Facsimile:    (212) 209-7100
        tschmidt@schmidt-llc.com
        mdallal@schmidt-llc.com

        Peter C. Netburn, BBO No. 546935
        pnetburn@hermesnetburn.com
        HERMES, NETBURN, O'CONNOR
            & SPEARING, P.C.
        265 Franklin Street, Seventh Floor
        Boston, MA  02110-3113
        (617) 728-0050
        (617) 728-0052 (Fax)

        *Attorneys for Defendants*
        *Bally International AG*
        *Bally Schuhfabriken AG*

## **CERTIFICATE OF SERVICE**

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on August 20, 2019.

               */s/ Peter C. Netburn*
               Peter C. Netburn