## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

J W REILLY LLC,

               Plaintiff,

     v.

BALLY AMERICAS INC.,
BALLY INTERNATIONAL AG and
BALLY SCHUHFABRIKEN AG,

            Defendants.

Civil Action No. 1:19-cv-11007-NMG

## PLAINTIFF'S OPPOSITION TO DEFENDANTS BALLY INTERNATIONAL AG AND BALLY SCHUHFABRIKEN AG'S MOTION TO DISMISS

### I.    INTRODUCTION

Plaintiff filed its Complaint (Dkt No. 1) against defendants Bally Americas Inc. ("Bally Americas"), Bally International AG ("Bally Holdings") and Bally Schuhfabriken AG ("Bally Switzerland") for design patent infringement.  On April 30, 2019, JW sent waiver requests to counsel for Bally pursuant to Fed. R. Civ. P. 4(d).  On May 30, 2019, Bally Americas returned an executed waiver.  However, despite repeated requests from JW, Bally Holdings and Bally Switzerland, despite being represented by the same counsel as Bally Americas, did not respond to the waiver requests and forced JW to incur the expense of serving those entities through the Hague Convention

Bally Americas answered the Complaint and has not moved to dismiss.

In the instant motion, Bally Holdings has moved to dismiss for lack of personal jurisdiction.  Based upon the representation made by Bally Holdings under the penalty of perjury that Bally Holdings "is not an operating company," "does not design, manufacture, distribute or

sell goods," and "conducts no other business" other than holding an ownership interest in subsidiaries (Dkt. No. 29 at ¶ 2), Plaintiff has agreed to dismiss Bally Holdings without prejudice. Thus, Bally Holdings' motion to dismiss for lack of personal jurisdiction is moot.

The only issue left for this Court to decide is Bally Switzerland's argument that the case against it should be dismissed pursuant to Rule 12(b)(6) because Bally Switzerland argues, without more, that it does not infringe.[1] But a self-serving denial of infringement is no basis for dismissal, especially when such denial is limited to only *some* of the allegations in the Complaint. In this case, Bally Switzerland's self-serving, unsworn declaration in support of its motion to dismiss does not deny that Bally Switzerland imports the accused products—one of the infringing acts alleged in the Complaint. Complaint ¶ 29; *see also* 35 U.S.C. § 271 ("whoever without authority . . . imports into the United States any patented invention during the term of the patent therefor, infringes the patent.").

## II.   THE COURT SHOULD DENY BALLY SWITZERLAND'S MOTION TO DISMISS

Bally Switzerland's request for dismissal is peculiar as it amounts to a request for judgment on the merits of the primary legal and factual issue in this case: liability for infringement. Bally Switzerland apparently intends to deny that it has committed any infringing act. But this denial belongs in an answer to the Complaint—not a 12(b)(6) motion to dismiss.

Bally Switzerland attempts to supports its motion with a declaration from its Legal Director, Mr. De Feo, stating that Bally Switzerland does not "make[], use[], sell[], or offer[] to sell products in the United States." Dkt. No. 29 at ¶8. This declaration does not support Bally Switzerland's motion to dismiss for at least three reasons.

---

[1] Bally Switzerland does not challenge that it is subject to personal jurisdiction.

First, a self-serving declaration of non-infringement from a defendant is simply no basis for dismissal on the merits. Indeed, if such a declaration were sufficient to defeat a charge of infringement, any company sued for patent infringement would submit a declaration stating that it does not infringe. No patent infringement action would ever proceed past the pleading stage and patent owners would be denied the opportunity for discovery and trial on the issue of infringement. *See, e.g., IBM Corp. v. Expedia, Inc.*, No. CV 17-1875-LPS-CJB, 2019 WL 1571680, at *3 (D. Del. Apr. 11, 2019) (recommending denial of accused infringer's motion to dismiss that was supported by a declaration that defendant was a holding company and did not carry out the allegedly infringing acts). At this point, Plaintiff has alleged that Bally Switzerland makes, uses, sells, offers for sale, and/or imports the accused products. Dkt. No. 1 at ¶ 28. The Court must assume the truth of these allegations for purposes of a 12(b)(6) motion. *Sergentakis v. Channell*, 272 F. Supp. 3d 221, 224 (D. Mass. 2017) ("On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom.") (internal quotation omitted).

Second, Bally Switzerland's declaration is not part of or incorporated into the complaint and therefore inappropriate to consider in deciding a motion to dismiss. *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008) ("Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment."). To the extent the Court is inclined to consider the De Feo declaration, it may only do so by converting Bally Switzerland's motion to one for summary judgment and providing JW with an opportunity to

present all material pertinent to the motion.  Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").  In this case, that would require affording JW the ability to take discovery into Bally Switzerland's design, manufacture, offering for sale, sale and importing of Accused Products.  This same discovery is relevant to the case against Bally Americas (which has not moved to dismiss) and involves all the same witnesses and documents.  According to the Initial Disclosures served by Defendants, these witnesses and documents are located at the offices of Bally Switzerland.  *See* Appendix A (identifying documents and witnesses pertaining to "design and development" and "sales (revenues and costs)" of the Accused Products as located at the offices of Bally Switzerland).  In other words, if this Court considers converting Bally Switzerland's motion to one for summary judgment, it should either deny the motion or defer ruling on the motion until discovery is completed in this case pursuant to the schedule jointly submitted by the parties in their Joint Statement.

Third, even if the Court were to consider Mr. De Feo's declaration and erroneously assume the truth of it, the declaration fails to deny all acts of infringement alleged in the Complaint.  Pursuant to 35 U.S.C. § 271, "whoever without authority makes, uses offers, to sell, or sells any patented invention, within the United States *or imports* into the United States any patented invention during the term of the patent therefor, infringes the patent" (emphasis added).  The Complaint alleges that Bally Switzerland infringes by, among other acts, "*importing* into the United States one or more of the Accused Products."  Dkt. No. 1 at ¶ 28 (emphasis added).  The declaration of Mr. De Feo *does not deny that Bally Switzerland imports* the Accused Products.  *See* Dkt. No. 29 at ¶ 8.  Although Bally Switzerland's *motion* argues that Bally Switzerland does not import any Accused Products, this is pure, unsupported attorney argument.

## III.    CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion to dismiss in its entirety.

### <u>REQUEST FOR ORAL ARGUMENT</u>

Pursuant to Local Rule 7.1(d), Plaintiff requests oral argument on Defendants Bally International AG and Bally Schuhfabriken AG's motion to dismiss.

Date:  September 17, 2019                Respectfully submitted,

J W Reilly LLC,

By its attorneys,

/s/   Robert D. Leighton

Robert D. Leighton (*admitted pro hac vice*)
A. Colin Wexler
GOLDBERG KOHN, LTD.
55 East Monroe, Suite 3300
Chicago, Illinois 60603
312-201-4000
Colin.Wexler@goldbergkohn.com
Robert.Leighton@goldbergkohn.com

Andrew T. O'Connor (BBO# 664811)
GOULSTON & STORRS PC
400 Atlantic Avenue
Boston, Massachusetts 02110
(617) 574-4153
AOConnor@GOULSTONSTORRS.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 17, 2019, I electronically filed the foregoing with the Clerk's Office using the Court's CM/ECF system, which will send notification of this filing (NEF) to all registered participants.

*/s/ Robert D. Leighton*

Robert D. Leighton