UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J W REILLY LLC,<br><br>           Plaintiff,<br><br>      v.<br><br>BALLY AMERICAS INC.,<br>BALLY INTERNATIONAL AG, and<br>BALLY SCHUHFABRIKEN AG,<br><br>           Defendants. | Civil Action No. 1:19-cv-11007-NMG |

**LOCAL RULE 16.1(d) JOINT STATEMENT**

Plaintiff J W Reilly LLC ("Plaintiff or "JW") and Bally Americas Inc. ("Bally Americas") and Bally Schuhfabriken AG ("Bally Switzerland") (collectively, "Defendants" or "Bally"), by their undersigned counsel, hereby submit their Joint Statement pursuant to Local Rule 16.1(d).[1]

**Nature of the Case**

1.      This is a design patent infringement case. JW alleges that Bally has willfully infringed U.S. Patent No. D667,212, covering a shoe buckle design, by making, using, offering to sell, selling, and/or importing three accused shoes. Complaint at ¶ 28. Bally denies infringement and Bally Americas Inc. has counterclaimed for declaratory judgment of non-infringement and invalidity.

**Status of Service and Pending Motions**

2.      On April 30, 2019, JW sent waiver requests to counsel for Bally pursuant to Fed. R. Civ. P. 4(d). On May 30, 2019, Bally Americas returned an executed waiver. Dkt. No. 12. Bally Holdings and Bally International did not agree to waive service, thus JW served Bally

---

[1] JW has agreed to voluntarily dismiss its claims against Bally International AG ("Bally Holdings") without prejudice.

Holdings and Bally Switzerland through the Hague Convention.

3. On July 29, 2019, Bally Americas filed its answer to the complaint. Dkt. No. 19.

4. On August 20, 2019, Bally Holdings and Bally Switzerland filed motions to dismiss. Dkt. No. 27. In its motion, Bally Holdings contested personal jurisdiction and submitted a declaration representing that Bally Holdings "is not an operating company" and "conducts no other business" other than holding an ownership interest in subsidiaries. Dkt. No. 28. Based on these representations, JW has agreed to dismiss Bally Holdings without prejudice.

5. Bally Switzerland does not contest personal jurisdiction but has moved to dismiss under Rule 12(b)(6). Dkt. No. 27. JW filed its response to that motion on September 17, 2019.

## Proposed Schedule

6. On August 14, 2019, the parties conducted a Rule 26(f) conference. The parties agree that the D. Massachusetts local patent rules should apply in this case, as amended on June 1, 2018. Local Rule 16.6. The parties propose the following discovery and case schedule:

| Date | Event |
| --- | --- |
| October 1, 2019 (7 days after scheduling conference) | Defendants to identify all additional shoe models that included a buckle substantially similar to that found on the three accused products referenced in the Complaint |
| October 15, 2019 (21 days after scheduling conference) | Patentee's infringement contentions and disclosures pursuant to Rule 16.6(d)(1) |
| November 5, 2019 (21 days after infringement contentions) | Parties meet and confer pursuant to Rule 16.6(d)(2) |
| November 26, 2019 (21 days after Rule 16.6(d)(2) conference) | Defendants' contentions and disclosures pursuant to Rule 16.6(d)(4) |
| December 17, 2019 (21 days after Defendants' LPR 16.6(d)(4) contentions) | Parties exchange list of claim terms to be construed and proposed constructions |
| January 13, 2020 [moved out four weeks due to holidays] | Parties meet and confer on constructions |
| January 27, 2020 (14 days after exchange of claim terms) | Parties file joint claim construction statement |

| Date | Event |
|---|---|
| February 17, 2020 (21 days after joint statement) | Simultaneous opening claim construction briefs |
| March 31, 2020 (42 days after opening briefs) | Simultaneous responsive claim construction briefs |
| June 2020 (9 months after scheduling conference) | Claim construction hearing |
| 60 days after entry of claim construction ruling | Fact discovery closes |
| 28 days after the close of fact discovery | Affirmative expert reports (i.e., each parties makes expert witness disclosures required by FRCP 26 on issues for which it bears the burden of proof) |
| 28 days after receipt of affirmative expert reports | Rebuttal expert reports |
| 90 days after the close of fact discovery | Expert discovery closes |
| 30 days after close of expert discovery | Serve and file dispositive motions |

## Trial

7. A jury trial has been requested.

8. The probable length of trial is 4-5days.

## Status of Settlement Discussion

9. Pursuant to Rule 16.1, the parties conferred regarding the prospect of settlement. During the Rule 26(f) call on August 14, 2019, Plaintiff's counsel requested sales documents from Defendants to be able to provide an intelligent settlement offer pursuant to Local Rule 16.1(c). On August 19, 2019, Defendants provided revenue and cost related documentation and produced sales figures for the three shoe models identified by name in the complaint (the Holga, Heline and Harmoni) to Plaintiff's counsel under the court's Default Protective Order.  On August 21, 2019, JW served Defendants with an settlement proposal explaining that, pursuant to 35 U.S.C. § 289, JW was seeking Bally's lost profits and that JW needed to receive Bally's sales figures before providing a demand of a specific dollar amount.   JW has sent follow up questions and requested additional sales information, and Defendants are working on its response. The parties remain open

to the possibility of settlement.

## Consent to Proceed Before the Magistrate Judge

10. The parties do not consent to proceed before the Magistrate Judge at this time.

## E-Discovery

11. Counsel for the parties have conferred with regard to issues concerning the preservation, searching and production of electronically stored information ("ESI") and will continue to cooperate and coordinate efforts to ensure the efficient production of ESI.

## Initial Disclosures

12. The parties have exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a).

Dated:  September 17, 2019

Respectfully submitted,

| By: /s/ Robert D. Leighton | By: /s/ Thorsten Schmidt |
|---|---|
| *Attorney for Plaintiff* | *Attorney for Defendants* |

Robert D. Leighton
GOLDBERG KOHN, LTD.
55 East Monroe, Suite 3300
Chicago, Illinois 60603
312-201-4000
Robert.Leighton@goldbergkohn.com

Andrew T. O'Connor
GOULSTON & STORRS PC
400 Atlantic Avenue
Boston, Massachusetts 02110
(617) 574-4153
AOConnor@GOULSTONSTORRS.com

Thorsten Schmidt
SCHMIDT LLC
708 Third Avenue 6th Floor
New York, NY 10017
212.809.1444
tschmidt@schmidt-llc.com

Peter C. Netburn
HERMES, NETBURN, O'CONNOR
& SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
(617) 728-0050
pnetburn@hermesnetburn.com